Hoque v. Barr

BIA
Schoppert, IJ
A208 173 466

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty.

PRESENT:
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,
    STEVEN J. MENASHI,
        *Circuit Judges.*

_____

MOJAMMAL HOQUE,
        *Petitioner,*

    v.                                        18-1303
                                              NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights,
                         NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; M. Jocelyn Lopez Wright,
                         Senior Litigation Counsel; Anthony
                         J. Messuri, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mojammal Hoque, a native and citizen of Bangladesh, seeks review of an April 3, 2018 decision of the BIA affirming a July 13, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mojammal Hoque*, No. A 208 173 466 (B.I.A. Apr. 3, 2018), *aff'g* No. A 208 173 466 (Immig. Ct. N.Y.C. July 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may

2

base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We conclude that the adverse credibility determination here is supported by substantial evidence, including Hoque's contradictory statements about whether he was ever harmed in Bangladesh, inconsistencies regarding the date of the alleged harm, and a lack of reliable corroborating evidence.

As an initial matter, the agency did not err in relying on Hoque's statement during his credible fear interview because the record of this interview bore sufficient indicia of reliability so as to warrant evidentiary weight. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). An

interpreter was present, the record reflects questions designed to elicit details of Hoque's asylum claim, and there is no indication that Hoque had difficulty communicating. At his credible fear interview, Hoque described threats from Awami League members, but claimed he had never been physically harmed. In contrast, in his asylum application and during his testimony, Hoque claimed that Awami League members dragged him, handcuffed, to the police station, where police officers then beat him and detained him for six hours. The agency reasonably relied on this inconsistency between Hoque's interview where he said he was never harmed and his application and testimony, which alleged these beatings and a brief detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Hoque also provided inconsistent dates for this incident. Between his written application and testimony, he provided several different dates and timelines for his alleged attack, corresponding to two separate elections in Bangladesh. The agency was not required to accept his explanation for these discrepancies—that his high cholesterol, his high blood pressure, and his journey to the United States caused memory loss—because rather than explaining that he could not recall, he gave various specific dates in his statements. Moreover,

4

he did not provide any evidence of actual memory loss, or how his medical conditions affected his memory. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably determined that Hoque's documentary evidence did not rehabilitate his credibility which had already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency acted within its discretion in giving Hoque's evidence little weight, because it consisted of letters written by individuals who were unavailable to testify. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui*

5

*Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Furthermore, the letter from the Bangladesh Nationalist Party president of Hoque's district did not corroborate Hoque's claim because it did not discuss any threats or harm to Hoque by rival party members or the police.

Considering that the inconsistencies related directly to the sole incident of past harm and Hoque did not submit reliable corroboration to rehabilitate his testimony, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, No. 18-358, 2020 WL 4290009, at *4 n.8 (2d Cir. July 28, 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency regarding basis of applicant's asylum claim is substantial evidence for adverse credibility determination). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d

6

Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court